FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

2012 NOV 14 CENTRAL DIVISION

DISTRICT OF UTAH
BY:
DEPUTY CLERK

| ANTHONY O. JONES, | |
|---|---|
| Petitioner, | MEMORANDUM DECISION AND ORDER |
| v. | |
| USA, | Case No. 2:11-cv-00322-DB |
| Respondent. | Judge Dee Benson |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). At the Court's request, the government filed a response in opposition to the Petitioner's motion. (Dkt. No. 5). Having reviewed the relevant materials, the Court now issues the following Memorandum Decision and Order.

## BACKGROUND

On May 23, 2007, Anthony O. Jones ("Petitioner") was indicted by a Federal Grand Jury in the District of Utah for Distribution and Possession of Child Pornography in violation of § § 18 U.S.C. 2252A(a)(2) and 2252A(a)(5)(B). (Criminal Case # 2:07-CR-336-DB). (Criminal Docket (hereinafter "Criminal Doc.") 1). On June 5, 2009, during a detention hearing, Magistrate Judge Wells found that Petitioner constituted a risk of danger to the community and of non-appearance, and ordered him held in custody pending trial. (Criminal Doc's. 9, 10).

### Plea Agreement

On November 24, 2009, pursuant to a plea agreement, Petitioner pled guilty to Count II of the Indictment for Possession of Child Pornography. (Criminal Doc's 25, 27). As part of the plea

agreement, the United States agreed to dismiss Count I, Distribution of Child Pornography, which carries a mandatory minimum sentence of sixty months, and the government agreed to recommend that Petitioner receive an appropriate reduction under U.S.S.G. § 3E1.1 for accepting responsibility for the offense. (Criminal Doc. 27 at ¶ 12B(1) and (2)(a)-(b)). In return, Petitioner agreed to waive his right to appeal or collaterally attack his sentence except for reasons of ineffective assistance of counsel. (Criminal Doc. 27 at ¶¶ 8, 12A(2)(a)-(d)). Petitioner represented to the court that he voluntarily, thoughtfully, and knowingly entered into the plea agreement. (Criminal Doc. 27 at 6-7).

Sentencing

The United States Probation Office prepared a Presentence Report ("PSR"), which calculated Petitioner's total offense level, with a reduction for acceptance of responsibility, as a 25. In addition, Petitioner was assigned a Category III criminal history. Based on those two factors, the applicable Guideline range for sentencing purposes was 70-87 months.[1] On April 2, 2010, Petitioner was sentenced to 46 months incarceration with a 120 month term of supervised release to follow. (Criminal Doc's 29, 30).

Defendant's Motion

On April 4, 2011, Petitioner filed a 28 U.S.C. § 2255 motion claiming he is entitled to relief because (1) he signed the plea agreement under the false pretense that he would "receive a 37 month split sentence," and about which the government "agreed to remain silent," (2) his attorney was ineffective because she failed to file a motion for pretrial release, and (3) he was denied his appellate rights by signing the waiver in order to receive the benefit of the plea

---

[1] The Guideline range calculation for Count I, Distribution of Child Pornography, was 108-135 months for Petitioner.

bargain, which he argues he did not receive. (Civil Case No. 2:11cv322 DB, Doc. 1 at 4-5).

DISCUSSION

I.  Waiver of Post-Conviction Rights

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). In this case, Petitioner signed a broad waiver of appellate rights, which included the waiver of his right to appeal any sentence imposed, except the "right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction..., or (2) a sentence above the high-end of the guideline range..." (Criminal Doc. 27 at ¶¶ 8, 12A(2)(a)-(d)). Furthermore, the waiver stated "I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255. (Criminal Doc. 27 at ¶12A(2)(b)).

This language from the Statement by Defendant in Advance of Plea of Guilty provides for a clear, express waiver of Petitioner's collateral appeal rights and references the exact statutory provision under which this action is brought - § 2255. In light of this waiver, signed by Petitioner, the court finds that the only claim not barred by the waiver is the Petitioner's claim, as construed by the Court, that his counsel was ineffective because she misled him regarding the sentence he would receive, and she did not file a motion for pretrial release. See Cockerham, 237 F.3d at 1187 (providing that a waiver of post conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver").

II.     Ineffective Assistance of Counsel

"To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial." United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that counsel's performance was deficient. Id. Second, he must show that counsel's deficient performance prejudiced Petitioner's defense. Id. "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable. Id. Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id.

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time she rendered the legal services, not in hindsight. Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled. United States v. Cronic, 266 U.S. 648, 665 n.38 (1984). There is a "strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." United States v. Kennedy, 225 F. 3d 1187, 1197 (10th Cir. 2002). Finally, to prevail on an ineffective assistance of counsel claim in the plea context, Petitioner must show that his counsel's performance was deficient "and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In this case, Petitioner essentially claims his counsel was ineffective for misleading him

as to the sentence he would receive. More specifically, Petitioner asserts that his counsel had him sign a plea agreement under false pretenses by leading him to believe that he would receive a 37 month split sentence. (Dkt. No. 1 at 5). As part of the plea bargain, the United States agreed to dismiss Count I, a more serious charge carrying a mandatory minimum sentence, as well as recommend to the court a three level reduction to Petitioner's sentence. In addition, the Court followed the recommendation of his attorney to reduce Petitioner's base offense level due to other facts involved in the case. Without these reductions, the appropriate Sentencing Guideline range for Petitioner would have been 70-87 months, an increase of 24 months above the 46 month sentence Petitioner received. Under these circumstances, there is no reasonable showing that Counsel's performance was deficient, or that the Defendant was prejudiced by the result.

Additionally, there is nothing in the record to support Petitioner's claim that he was misled concerning his sentence. To the contrary, the Statement in Advance of Plea of Guilty expressly states that "the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs." (Criminal Doc. 27 at 2). Petitioner signed the Plea Agreement in which he certified that he had fully discussed the plea and its consequences with counsel; and that he was satisfied with his counsel. Additionally, counsel for Petitioner certified that she had discussed the Plea Agreement with Petitioner and fully explained Petitioner's rights to him. Finally, prior to accepting Petitioner's change of plea to guilty, the Court questioned Petitioner, under oath, explained the foregoing, and found that Petitioner understood what he was doing and that he freely and voluntarily entered into his plea.

However, even taking the Petitioner's allegation as true- that he was misled concerning the length of his sentence - the court finds that this does not show that his counsel's performance

was deficient. The Tenth Circuit has repeatedly held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); see United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988).

Given the fact that Petitioner Plead guilty after having been so informed, the Court cannot find that the Petitioner suffered prejudice based on his counsel's alleged erroneous sentence prediction. See Gordon, 4 F.3d at 1571 (concluding that defendant failed to show that he was prejudiced by counsel's failure to accurately predict his sentence and thus failed to establish ineffective assistance of counsel); see also Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be).

Petitioner also asserts that his counsel was ineffective because she failed to file a pretrial release motion. However, the docket reveals that a detention hearing was held regarding the custody status of Petitioner. Magistrate Judge Wells, after reviewing a pre-trial service report, found that Petitioner was both a danger to the community and constituted a risk of non-appearance. Under, 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption for detention if "there is probable cause to believe a person committed ... an offense ... under section 2252(a)(2)." Petitioner's counsel requested a detention hearing, which was granted. Petitioner was not able to rebut the presumption and was detained. Following the guilty plea, there continued to be a presumption for detention pending sentencing. Under these circumstances, failing to file a pretrial release motion does not give rise to a claim for ineffective assistance of counsel, as Petitioner has not met the burden of showing that his counsel's performance was deficient, or that he was prejudiced by the performance.

In light of the forgoing, Petitioner's claim for ineffective assistance of counsel fails.

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 Motion is DENIED. The Clerk of the Court is directed to close Case No. 2:11cv322 forthwith.

DATED this 13th day of November, 2012.

BY THE COURT:

_____
DEE BENSON
United States District Judge